# IN THE COURT OF APPEALS OF IOWA

No. 24-0753
Filed May 7, 2025


**KATHLEEN JOAN KOOIKER,**
Plaintiff-Appellant,

**vs.**

**THE STATE OF IOWA, HELEN MILLER, individually and in her official capacity as Iowa Board of Parole chair, AND GOVERNOR KIM REYNOLDS, individually and in her official capacity,**
Defendants-Appellees.
_____

Appeal from the Iowa District Court for Polk County, David Porter, Judge.


A plaintiff appeals the dismissal of her claims of wrongful discharge and intentional interference with prospective business advantage under Iowa's whistleblower statute. **AFFIRMED.**


Kathleen J. Kooiker, Osceola, self-represented appellant.

Brenna Bird, Attorney General, and Patrick C. Valencia, Deputy Solicitor General, and Alexa S. Den Herder, Assistant Solicitor General, for appellees.


Considered without oral argument by Tabor, C.J., and Schumacher and Chicchelly, JJ. Langholz, J., takes no part.

**SCHUMACHER, Judge.**

Former Iowa Board of Parole member Kathleen Kooiker appeals the dismissal of her claims of wrongful discharge and intentional interference with prospective business advantage under Iowa Code chapter 70A (2023). We affirm.

## I.  Background Facts and Proceedings

In 2018, Governor Kim Reynolds appointed Kooiker to serve as a member of the Iowa Board of Parole. The board consists of five members, including one chairperson, who serve staggered four-year terms. Helen Miller was appointed as the board chairperson in 2019. During Kooiker's tenure, she raised concerns about Miller's participation in parole decisions and how the board "was being run." Kooiker was not reappointed to her position as a board member, and her term ended on April 30, 2021.

In 2023, Kooiker sued the State of Iowa, the Governor, and Miller (collectively, the defendants). Kooiker's second amended petition contained four counts: wrongful discharge in violation of Iowa Code chapter 70A; wrongful discharge in violation of public policy; intentional interference with prospective business advantage in violation of Iowa Code chapter 70A (against Miller only); and intentional interference with prospective business advantage (against Miller only). The defendants filed a motion to dismiss all claims against them based on lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted. Among other claims, the defendants argued Kooiker's whistleblower claims failed because such claims are "reserved for employees" and Kooiker failed to exhaust her common law tort claims.

Following a hearing,[1] the district court entered an order granting the defendants' motion. Kooiker's appeal is limited to the dismissal of her claims raised under chapter 70A, counts I and III of her second amended petition.

## II.     Scope and Standard of Review

We review a district court's ruling on a motion to dismiss for the correction of errors at law. In our review, we accept as true the petition's well-pleaded factual allegations, but not its legal conclusions. We will affirm a district court ruling that granted a motion to dismiss when the petition's allegations, taken as true, fail to state a claim upon which relief may be granted.

*Miller v. State*, 18 N.W.3d 498, 501 (Iowa 2025) (cleaned up).

## III.     Analysis

Kooiker appeals the dismissal of her claims of wrongful discharge and intentional interference with prospective business advantage under Iowa Code chapter 70A. The district court determined Kooiker's status as an officer—rather than an employee—is dispositive to whether Kooiker can assert her claims. Iowa's "whistleblower-protection statute"[2] provides:

A person shall not discharge an employee from or take or fail to take action regarding an employee's appointment or proposed appointment to, promotion or proposed promotion to, or any advantage in, a position in a state employment system administered by, or subject to approval of, a state agency as a reprisal for a failure by that employee to inform the person that the employee made a disclosure of information permitted by this section, or for a disclosure of any information by that employee to a member or employee of the general assembly, a disclosure of information to the office of ombudsman, a disclosure of information to a person providing human resource management for the state, or a disclosure of information to any other public official or law enforcement agency if the employee, in good faith, reasonably believes the information evidences a violation of law or rule, mismanagement, a gross abuse

---

[1] A transcript of the hearing, if the hearing was transcribed, was not made a part of our record on appeal.

[2] *See Chandler v. Iowa Dep't of Corr.*, 17 N.W.3d 645, 650 (Iowa 2025).

of funds, an abuse of authority, or a substantial and specific danger to public health or safety.

Iowa Code § 70A.28(2).

As a backdrop for Kooiker's claims, we look to the provisions relating to the board of parole and its members. At the time relevant to this case,[3] the following provisions of Iowa Code chapter 904A stated:

> The board of parole is created to consist of five members. Each member, except the chairperson and the vice chairperson, shall be compensated on a day-to-day basis. Each member shall serve a term of four years beginning and ending as provided by section 69.19,[4] except for members appointed to fill vacancies who shall serve for the balance of the unexpired term. The terms shall be staggered.

*Id.* § 904A.1. "The governor shall appoint the chairperson and other members of the board of parole, including alternate members, subject to confirmation by the senate." *Id.* § 904A.3. Section 904A.4 sets forth the "duties of the board of parole," including but not limited to, interviewing and considering inmates for parole and work release. *Id.* § 904A.4(1); *see, e.g.*, *Bomgaars v. State*, 967 N.W.2d 41, 44 (Iowa 2021) ("The Iowa Board of Parole . . . completes about 13,000 parole reviews per year."). And section 904A.6 provides for "salaries and expenses" for board members, stating:

> Each member, except the chairperson and the vice chairperson, of the board shall be paid per diem as determined by the general assembly. The chairperson and vice chairperson of the board shall be paid a salary as determined by the general assembly.

---

[3] Many provisions of chapter 904A were revised effective July 2023. The substance of the cited sections remains mainly the same.

[4] Iowa Code section 69.19 states:
> All terms of office of positions which are appointed by the governor, have a fixed term, and are subject to confirmation by the senate shall begin at 12:01 a.m. on May 1 in the year of appointment and expire at 12:00 midnight on April 30 in the year of expiration . . . .

Each member of the board and all employees are entitled to receive, in addition to their per diem or salary, their necessary maintenance and travel expenses while engaged in official business.

The supreme court has reiterated "five essential elements" to consider in determining whether a position is a public office:

(1) The position must be created by the Constitution or legislature or through authority conferred by the legislature. (2) A portion of the sovereign power of government must be delegated to that position. (3) The duties and powers must be defined, directly or impliedly, by the legislature or through legislative authority. (4) The duties must be performed independently and without control of a superior power other than the law. (5) The position must have some permanency and continuity, and not be only temporary and occasional.

*State v. Pinckney*, 276 N.W.2d 433, 435–36 (Iowa 1979) (quoting *State v. Taylor*, 144 N.W.2d 289, 292 (Iowa 1967)). The necessary elements to constitute Kooiker as a public officer are sufficiently shown by the statutory language quoted above and as alleged in Kooiker's petition. *See, e.g.*, *State v. Zarate*, 908 N.W.2d 831, 848 (Iowa 2018) ("[T]he Governor and legislature have the power to appoint and confirm the parole board members under Iowa Code section 904A.3. However, parole board members must meet certain qualifications and are appointed for fixed terms. Parole decisions are subject to legal standards." (internal citations omitted)). As the district court found, "[v]irtually all five of those factor[s] support [the finding] that [Kooiker] was a public officer." We agree.

The district court further found:

The lynchpin in all of Plaintiff's claims is whether she was "employee" or an "officer" during her term of service with the Board. The distinction is a question of law. . . .
. . . .
Iowa Code Section 904A.6 does not expressly detail how an "employee" is different from an "officer." However, when looking at the individual words used by the drafters and interpreting their meaning within the statute, the usage of members and employees

separately indicates there is indeed some distinction between the two categories of individuals serving on the board. Additionally, Chapter 904A goes on to describe the requirements for the board members, ranging from the number of members and their compensation, as well as the traits, qualifications and characteristics that must be considered when the governor selects a member to serve. The statute uses the term member when describing these requirements, analogous to the terms and requirements of officers, not employees.

Canons of statutory interpretation require that every word and every provision in a statute is to be given effect, if possible, and *not* deemed mere surplusage. No word should be ignored, and no provision should needlessly be given an interpretation that causes it to duplicate another provision or to have no consequence. Throughout her service with the Board, Plaintiff enjoyed all the trappings of "member/officer" status. To classify her now as an "employee" would be to render one of the two terms meaningless. That would be inconsistent with the basic canons of statutory interpretation.

Moreover, and as Defendants correctly note, no reasonable argument can be made that Plaintiff was an "employee" under the five-factor test set forth in *State v. Pinckney*. . . .

. . . .

As it relates to Counts I and III, Plaintiff's claims are fundamentally flawed because in virtually every scenario or any conceivable state of facts she would be classified as public official, as opposed to an employee. The employment protections granted to employees, by virtue of the master/servant relationship they enter with employers, far surpass the employment protections public officials enjoy. Given that reality, Defendants' Motion to Dismiss as it relates to Counts I and III must be granted.

(Footnotes omitted.)

We find no error in the district court's conclusion that Kooiker's status as an officer rather than an employee preempted her from asserting claims under section 70A.28. *See, e.g.*, *Shumate v. Drake Univ.*, 846 N.W.2d 503, 516 (Iowa 2014) (holding the district court correctly granted the defendant's motion to dismiss for failure to state a claim where there was "no implied private right of action under

[the relied-upon statute]"). Accordingly, we affirm the court's order granting the defendants' motion to dismiss Kooiker's petition.

**AFFIRMED.**